IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LORRIE THOMPSON | ) |
| | ) |
| v. | ) NO. 3-13-0817 |
| | ) JUDGE CAMPBELL |
| AMERICAN MORTGAGE EXPRESS | ) |
| CORPORATION, et al. | ) |

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 24). For the reasons stated herein, the Motion is GRANTED, and this action is DISMISSED.

FACTS

This dispute arises from a Note and Deed of Trust signed by Plaintiff in order to purchase a home in Williamson County, Tennessee. The Note (Docket No. 24-1) identifies American Mortgage Express Corporation ("AME") as the Lender and Plaintiff Lorrie Thompson as the Borrower. The Deed of Trust (Docket No. 24-2) identifies AME as the Lender, Plaintiff Thompson as the Borrower, and Michael J. Philbin as the Trustee. It also names Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Lender and Lender's successors and assigns and the beneficiary under the Deed of Trust.[1]

---

[1] A court ruling on a motion to dismiss for failure to state a claim may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *Okolo v. Metropolitan Gov't of Nashville and Davidson County*, 892 F.Supp.2d 931, 946 (M.D. Tenn. 2012). The Note and Deed of Trust at issue are clearly central to Plaintiff's Complaint.

Plaintiff's First Amended Verified Complaint asserts causes of action (1) to quiet title; (2) for breach of fiduciary duty; (3) for fraud in the inducement; (4) for common law fraud; (5) for declaratory, injunctive and supplemental relief; (6) for slander of title; (7) for intentional interference in contractual relations, (8) for violation of the Equal Credit Opportunity Act; (9) for negligent hiring and supervision; (10) for fraudulent misrepresentation and concealment; and (alternatively) (11) for negligent misrepresentation and concealment. Docket No. 16. Defendants have moved to dismiss all of Plaintiff's claims.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DISCUSSION

This case is similar to the recent case of *Dauenhauer v. Bank of New York Mellon*, 2014 WL 1424494 (6th Cir. April 15, 2014), which arose in this District and was brought by Plaintiff's attorney herein. Here, as in *Dauenhauer,* the Plaintiff alleges her loan was illegally "securitized" in that it was

sold, along with other loans, to a pool of investors. Plaintiff claims that, because of the securitization of the loan, title to her property has been clouded and none of the Defendants holds any interest in the property. Plaintiff further avers that all assignments of her Deed of Trust were invalid.

The Note which Plaintiff signed allows Lender to transfer or sell the Note: "I understand that the Lender may transfer this Note." The Prepayment Addendum to the Note states: "Borrower understands that Lender may transfer the Note, the related Mortgage, Deed of Trust, or Security Deed ('Security Instrument') and this Addendum." The Deed of Trust which Plaintiff signed states: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Similarly, the Prepayment Rider to the Deed of Trust states: "Borrower understands that the Lender may transfer the Note, the related Mortgage, Deed of Trust, or Security Deed ('Security Instrument') and this Rider."

The Note was endorsed by AME to Countrywide Bank, N.A. Then it was endorsed by Countrywide Bank, N.A. to Countrywide Home Loans, Inc. Then it was endorsed by Countrywide Home Loans, Inc. in blank. Docket No. 24-1, pp. 2-3. Countrywide was bought by Bank of America. The Deed of Trust was ultimately assigned to Defendant Bank of New York Mellon ("BNYM").

Under Tennessee law, any assignment of a note automatically transfers beneficial ownership of the accompanying deed of trust. *Dauenhauer v. Bank of New York Mellon*, 2013 WL 2359602 at * 4 (M.D. Tenn. May 28, 2013). The transfer of a note automatically carries with it the lien created by the accompanying deed of trust or other instrument securing it. *Id*.

Plaintiff argues that MERS had no right to assign her mortgage to anyone because MERS was the nominee for AME, not Countrywide Bank. However, because MERS was the nominee for AME *and AME's successors and assigns*, MERS was appropriately the nominee for Countrywide. MERS, as nominee for Countrywide, could legally assign Plaintiff's mortgage to BNYM.

3

Courts have consistently upheld the validity of MERS's role as nominee for a promissory note's lenders and assigns and as beneficiary under a deed of trust. *Dauenhauer*, 2014 WL 1424494 at *4. Under the language of the Deed of Trust, MERS has the authority to act as the agent of any valid note holder, including assigning a deed of trust and enforcing a note. *Id*. Because MERS's role was valid and MERS could validly assign the Note, Plaintiff has not stated a plausible claim for invalid assignment.

Plaintiff alleges that because of the fraudulent securitization of this Note, she was deceived into believing AME was loaning money to her when actually the funds came from undisclosed third parties. Securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back her loan. *Dauenhauer*, 2014 WL 1424494 at * 5 ("We are aware of no authority for the proposition that a loan becomes unenforceable because it was securitized."). Securitization creates a separate contract, distinct from Plaintiff's debt obligations under the Note. *Id*. The fact that a note is securitized would not absolve a plaintiff from having to make payments on her loan or somehow shield her property from foreclosure. *Id*.

Plaintiff does not argue that she has paid her indebtedness. Rather, she contends that default cannot be established until all third-party payments are accounted for and applied to her balance. This argument has no merit. Plaintiff has not alleged any specific third-party payments to which she is entitled. No third-party is responsible for paying Plaintiff's loan. Her responsibility for the debt is clear, regardless of which entity has authority to enforce it. Because she has not alleged that she fulfilled her obligation under the Note, Plaintiff has not shown that she has a superior title to the subject property.[2]

---

[2] Plaintiff cites to Tenn. Code Ann. § 47-3-602 to argue that until all third party payments are applied to her account, there is no way to ascertain whether Plaintiff is in default.

The law permits the type of assignments and securitization which Plaintiff alleges invalidated her loan. *Dauenhauer*, 2013 WL 2359602 at * 6. The Court finds that Plaintiff has failed to state a claim that Defendants were without authority to assign and securitize the Note as they did. Plaintiff has failed to distinguish this case from the *Dauenhauer* case in this regard. Accordingly, Plaintiff's claims based on the allegations of invalid assignment and illegal securitization are dismissed.[3]

QUIET TITLE

To succeed in a claim for quiet title, Plaintiff must show that she has legal title to the property and that she should not be subjected to various future claims against that title. *Dauenhauer*, 2013 WL 2359602 at * 6. Plaintiff has failed to plead that she has satisfied her obligation under the Note, a step which is necessary to obtain superior legal title to this property. *Id*. at * 7.

By signing the Note, Plaintiff agreed to repay the money she was loaned to buy her house. Plaintiff has admitted that she received the benefit of the funding of what she concedes is a loan, not a gift. Docket No. 16, ¶ 73. By signing the Deed of Trust, Plaintiff conveyed the subject property to the Trustee and its successors in trust and assigns. Plaintiff agreed that the Trustee and its successors and assigns held legal title and all interests granted by the Deed of Trust until Plaintiff paid her debt in full under the Note. Because she has not alleged that she has paid her debt in full, she has not shown any right to obtain title to the property from the Trustee. *See Dauenhauer*, 2014 WL 1424494 at * 5. Plaintiff has not stated a plausible claim that she has superior title to this property. Therefore, her action to quiet title is dismissed.

---

The statute cited applies to "a party obliged to pay the instrument," and Plaintiff has not alleged any specific third party who is obliged to pay her debt, so this argument lacks merit.

[3] To the extent Plaintiff is still pursuing a claim that her loan was not properly assigned into a trust, that claim is dismissed for lack of standing. *See Dauenhauer*, 2014 WL 1424494 at * 5.

BREACH OF FIDUCIARY DUTY

Plaintiff has not responded to Defendant's Motion to Dismiss the breach of fiduciary duty claims. Therefore, those claims are dismissed. L.R. 7.01(b).

FRAUD

Plaintiff alleges fraud in the inducement of the contracts, common law fraud, fraudulent misrepresentation and fraudulent concealment. Defendants argue that Plaintiff's fraud claims fail to set forth sufficient facts to meet the pleading requirements of Tennessee and federal law, which both require that fraud claims be stated with particularity. Tenn. R. Civ. P. 9.02 and Fed. R. Civ. P. 9(b). This requires allegations of time, place, and content of the alleged misrepresentation, the fraudulent intent of the defendant, and the resulting injury. *Dauenhauer*, 2014 WL 1424494 at * 7.

Plaintiff's fraud allegations are based upon her claims that the actual lender was never disclosed (i.e., the loan was securitized) and the assignments of the Deed of Trust were invalid. The Court has already dismissed claims based upon the allegations of invalid assignments and securitization. Accordingly, Plaintiff's fraud claims based upon these theories are also dismissed.[4]

To the extent Plaintiff is still alleging fraud concerning the real estate appraisal being inflated and overstated, the Court agrees with the District Court in *Dauenhauer* that generally, an appraisal does not provide a basis for a fraudulent misrepresentation claim because it is an opinion, not an existing fact or condition. *Dauenhauer*, 2013 WL 2359602 at * 9. Plaintiff has not pled facts which would sustain an allegation about fraud in the real estate appraisal.

SLANDER OF TITLE

---

[4] Similarly, Plaintiff's claims for negligent misrepresentation based upon these theories are dismissed as well.

In order to state a claim for slander of title under Tennessee law, Plaintiff must demonstrate that (1) she has an interest in the property, (2) Defendants published false statements about the title to the property, (3) Defendants were acting maliciously, and (4) the false statements proximately caused the Plaintiff a pecuniary loss. *Dauenhauer*, 2014 WL 1424494 at * 8.

By executing the Deed of Trust, Plaintiff authorized the lender and trustee, their successors and assigns, to foreclose on the property by power of sale. A lender and its successors have the right to record a proper deed of trust against real estate that is offered as security for a loan. Doing so does not create a cause of action for slander of title. *Gilliard v. JP Morgan Chase Bank, N.A.*, 2012 WL 6139922 at * 5 (E.D. Tenn. Dec. 11, 2012).

Moreover, Plaintiff has not stated a plausible claim that Defendants were acting maliciously. Plaintiff's slander of title count does not allege malicious conduct. Finally, Plaintiff has not stated a plausible claim that any false statements by Defendants caused her pecuniary loss.

Accordingly, Plaintiff's slander of title claim is dismissed.

INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

Plaintiff contends that Defendants intentionally interfered with the contractual relations between Plaintiff and unidentified John Does 1-1000, yet Plaintiff has not identified a single contract between her and a fictitious John Doe. Plaintiff has not alleged contractual relations with those she calls "investor-lenders." Defendants could not interfere with a contractual relation that does not exist. Plaintiff's claim for intentional interference with contractual relations is dismissed.

EQUAL CREDIT OPPORTUNITY ACT

Plaintiff alleges that Defendant Bank of America ("BOA") failed to send timely notice when it denied her application for more favorable credit terms. Plaintiff claims BOA's actions and inactions violate the Equal Credit Opportunity Act ("ECOA").[5]

The ECOA provides that each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. 15 U.S.C. § 1691(d)(2). The term "adverse action" does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default. 15 U.S.C. § 1691(d)(6).

Defendant BOA argues that no adverse action was taken against Plaintiff since her loan was delinquent or otherwise in default at the time her application was denied. Plaintiff responds by claiming again that, under Tenn. Code Ann. § 47-3-602, all third-party payments to her loan must be applied before determining whether she is in default. As noted above, this argument fails because Plaintiff has not alleged that any specific third party is responsible for payment of her loan.

Because there was no adverse action, as defined in the ECOA, Plaintiff was not entitled to notice under 15 U.S.C. § 1691(d). Therefore, Plaintiff's ECOA claim against Defendant BOA is dismissed.

NEGLIGENT HIRING AND SUPERVISION

Plaintiff alleges that Bank of America is liable to her for negligent hiring and supervision of employees. She claims that BOA hired and retained employees to perform loan modifications who were unfit for that purpose. Her Response to Defendant's Motion to Dismiss this claim sets forth an explanation of the modification process, which Plaintiff asserts is a "complicated set of calculations

---

[5] The ECOA prohibits discriminating against any applicant, with respect to any aspect of a credit transaction, on the basis of race, color, religion, national origin, sex or marital status, or age. 15 U.S.C. § 1691(a).

which require specific training and knowledge." Yet Plaintiff fails to allege any specific employee of BOA who took any negligent or intentional action that caused a specific harm to Plaintiff. Plaintiff does not allege facts concerning how such employees were unfit, who was negligently hired or supervised, how BOA's hiring and supervision were negligent, how she was injured by actions or inactions of unfit employees, or that BOA had knowledge of any particular employee's unfitness.

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Gilliard*, 2012 WL 6139922 at * 6 (citing *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)). Plaintiff has failed to state a claim for which relief may be granted for negligent hiring and supervision, and that claim is dismissed.

DECLARATORY, INJUNCTIVE AND SUPPLEMENTAL RELIEF

In light of dismissal of Plaintiff's other claims, the Court finds that Plaintiff has failed to state an adequate bases for declaratory, injunctive and supplemental relief, and those claims are dismissed.

CONCLUSION

For all these reasons, Defendants' Motion to Dismiss (Docket No. 24) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE